VIRGINIA:     IN THE CIRCUIT COURT THE CITY OF ROANOKE

SHARON ROBINSON                                      )
          Plaintiff                                  )
                                                     )
v.                                                   )
                                                     )          COMPLAINT
WAL-MART ASSOCIATES, INC                             )     Case No.: CL 18-1432
A/K/A Wal-Mart, A/K/A Wal-Mart Store                 )
A/K/A Wal-Mart Supercenter Store                     )
4807 Valley View Boulevard N.W.                      )
Roanoke, Virginia 24012                              )
          Defendant                                  )

Serve: CT Corporation System
          Registered Agent for
          Wal-Mart Associates, Inc.
          4701 Cox Road, Suite 301
          Glen Allen, Virginia 23060-6802

COMES NOW, Plaintiff, Sharon Robinson, by counsel, moves for judgment against

Defendant, Wal-Mart Associates, Inc., a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a Wal-Mart

Supercenter Store, jointly and severally on the grounds and in the amount hereinafter set forth:

1.  Defendant Wal-Mart Associates, Inc., a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a

    Wal-Mart Supercenter Store, hereinafter referred to as "Defendant Wal-Mart", is now,

    and was at the time of the incident on June 17, 2016, operating and managing the

    Wal-Mart Store located at 4807 Valley View Boulevard N.W., Roanoke, Virginia

    24012.

2.  Based on the information obtained from the Virginia State Corporation commission,

    Defendant Wal-Mart registered with the Commission on October 7, 1996.  The

    corporate address for Defendant Wal-Mart Associates, Inc. is 702 SW 8th Street,

    Bentonville, Arkansas 72716.

3.  Wal-Mart Associates, Inc. is in the business of retail sales and owns and operates

    over 10,000 stores in 27 countries.



4. On the 17th day of June, 2016, Plaintiff Sharon Robinson was a business invitee at the Wal-Mart Store located at 4807 Valley View Boulevard N.W., Roanoke, Virginia 24012. Ms. Robinson entered the store and obtained a shopping cart. Ms. Robinson was shopping at the back of the store in the dairy aisle near the sour cream section. Ms. Robinson's foot slipped on something and she turned her ankle. Ms. Robinson grabbed the shopping cart. She looked back and saw a clear substance on the floor. She was wearing proper soles.

5. Ms. Robinson was trying to buy a gift card and asked an employee to get a gift card for her as she was in pain. Accordingly, Defendant Wal-Mart, through its agents and employees, knew or clearly should have known of the dangerous condition which existed and caused the Plaintiff to fall.

6. Defendant Wal-Mart as tenant, operator and/or caretaker of the property had a duty to assure maintenance of areas where their invitees traversed, had a duty to clean up any water and to use reasonable care to assure that the area was posted with an orange cone or some type of warning sign in order to assure that the walkway area/isles were safe for all invitees, vendors, employees and the public in general. More specifically, Defendant Wal-Mart Associates, Inc., a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a Wal-Mart Supercenter Store was negligent in that it:

   a. Failed to reasonably and timely inspect the freezer section aisles to assure that the floors were clear of any substances.

   b. Failed to reasonably and timely inspect the floor aisle where this fall occurred to assure that threw were no substances of any kind on the floor walkway areas/aisles.

   c. Failed to reasonably and timely monitor the walkway areas and aisles to assure they were free from any hazardous and dangerous conditions and if

so, that any hazards would be corrected or removed from the area to avoid serious injury.

    d.  Failed to place orange safety cones around the dangerous condition of the aisle/walkway area.

    e.  Failed to assure maintenance of the area where its invitees traversed.

7.  As a direct and proximate result of the negligence of Defendant, Wal-Mart Associates, Inc., a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a Wal-Mart Supercenter Store, Plaintiff was caused to sustain serious permanent injuries, has been prevented from transacting her business and her household duties, has suffered and will continue to suffer great pain of body and mind, mental, physical, psychological, and emotional injuries, has sustained past, present and future lost income, loss of earning capacity and has incurred and will incur in the future, hospital, doctors' and related bills in an effort to be cured of her injuries.

WHEREFORE, Plaintiff, Sharon Robinson, demands judgment against Defendant, Wal-Mart Associates, Inc., a/k/a Wal-Mart, a/k/a Wal-Mart Store, a/k/a Wal-Mart Supercenter Store in the sum of Two Hundred Thousand Dollars ($200,000.00), with interest from June 17, 2016, at the statutory rate until paid and her costs in this behalf expended.

TRIAL BY JURY IS DEMANDED

SHARON ROBINSON

By: _____
          Of Counsel

Melvin L. Hill
VSB# 24117
315 Campbell Avenue
Roanoke, Virginia 24016
(540) 342-1851 Phone
(540) 342-1853 Fax
    Counsel for Plaintiff

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF ROANOKE

| | |
|---|---|
| SHARON ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: CL18-1432 |
| | ) |
| WAL-MART ASSOCIATES, INC., | ) |
| A/K/A Wal-Mart, A/K/A Wal-Mart Store, | ) |
| A/K/A Wal-Mart Supercenter Store | ) |
| 4807 Valley View Boulevard N.W. | ) |
| Roanoke, Virginia 24012 | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW the defendant, Wal-Mart Associates, Inc., A/K/A Wal-Mart, A/K/A Wal-Mart Store, A/K/A Wal-Mart Supercenter Store ("Wal-Mart"), by counsel, and files this Answer to the allegations contained in the plaintiff's Complaint and, in support thereof, states as follows:

1.      Wal-Mart denies the allegations stated in paragraph 1 of the plaintiff's Complaint. At the time of the incident at issue, the Walmart store in question was owned and/or operated by Wal-Mart Stores East, LP.

2.      Upon information and belief, Wal-Mart admits the allegations stated in paragraph 2.

3.      Wal-Mart denies the allegations stated in paragraph 3.

4.      With regard to paragraph 4, Wal-Mart admits that the plaintiff was on or near the premises of the Walmart store located in Roanoke, Virginia, on or about the date at issue. Wal-Mart is currently without sufficient information to admit or deny the remainder of the allegations stated in paragraph 4 and, therefore, denies the same.

5.      Wal-Mart denies the allegations stated in paragraph 5.

6.      The initial part of paragraph 6 states legal conclusions that need not be admitted or denied. To the extent that paragraph 6 states any factual allegations against Wal-Mart, all such allegations are denied.

        (a)      Wal-Mart denies the allegations stated in paragraph 6(a).

        (b)      Wal-Mart denies the allegations stated in paragraph 6(b).

        (c)      Wal-Mart denies the allegations stated in paragraph 6(c).

        (d)      Wal-Mart denies the allegations stated in paragraph 6(d).

        (e)      Wal-Mart denies the allegations stated in paragraph 6(e).

7.      Wal-Mart is currently without sufficient information to admit or deny the allegations in paragraph 7 and, therefore, denies the same.

8.      All allegations in the plaintiff's Complaint not expressly admitted herein are denied.

<u>Affirmative and Separate Defenses</u>

Wal-Mart states the following as its affirmative and separate defenses:

1.      Wal-Mart denies that the plaintiff's incident occurred as described in her Complaint.

2.      Wal-Mart denies being guilty of any act of negligence which proximately caused the incident in question.

3.      Wal-Mart denies breaching any legal duty owed to the plaintiff.

4.      Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff was contributorily negligent and/or assumed the risk of her injuries, thereby barring her recovery

2

herein, should evidence supporting such defenses be developed during the course of discovery or at trial.

5.      Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of was open and obvious to the plaintiff and, therefore, required no warning on its part, should such a defense be developed during the course of discovery or at trial.

6.      Wal-Mart affirmatively avers and will make the defense at trial that the condition complained of does not amount to an "unsafe condition" or "defect" under Virginia law, should evidence supporting such a defense be developed during the course of discovery or at trial.

7.      Wal-Mart affirmatively avers and will make the defense at trial that the plaintiff's injuries were caused by a third party or parties for whose actions it is not responsible at law, should evidence supporting such a defense be developed during the course of discovery or at trial.

8.      Wal-Mart reserves the right to rely upon any and all defenses available to it under the law, specifically including, but not limited to, failure to file suit within the applicable statute of limitations, accord and satisfaction, and/or failure to mitigate damages, should evidence supporting such defenses be developed during the course of discovery or at trial.

9.      Wal-Mart denies that the plaintiff was injured and damaged to the extent and with the consequences alleged in the Complaint and, therefore, calls upon the plaintiff for strict proof of all such alleged damages.

10.      Wal-Mart Associates, Inc., denies that it is a proper party to this lawsuit.

11.      Wal-Mart demands a trial by jury.

3

WAL-MART ASSOCIATES, INC.,
A/K/A Wal-Mart, A/K/A Wal-Mart Store,
A/K/A Wal-Mart Supercenter Store

By: _____
                Of Counsel

C. Kailani Memmer (VSB No. 34673)
Victor S. ("Dinny") Skaff, III (VSB No. 40054)
GLENN ROBINSON CATHEY MEMMER & SKAFF PLC
Fulton Motor Lofts
400 Salem Avenue, S.W., Suite 100
Roanoke, Virginia 24016
Telephone: (540) 767-2200
Facsimile: (540) 767-2220
kmemmer@glennrob.com
vskaff@glennrob.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on 9th day of July, 2018, a copy of the foregoing Answer was sent by

first-class mail to the following:

Melvin L. Hill, Esq. (VSB No. 24117)
315 Campbell Avenue
Roanoke, Virginia 24016
Telephone: (540) 342-1851
Facsimile: (540) 342-1853

*Counsel for Plaintiff*

By: _____
                Of Counsel

4